UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RIGABERTO MORENO SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:16-CV-00288-EJL<br>          1:11-CR-0004-EJL<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court in the above-entitled matter are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (CV Dkt. 1, CR144) and the Government Motion to Dismiss (CV Dkt. 3). Petitioner did not file a response to the Government's Motion to Dismiss which was filed on August 4, 2016.

Because it is clear that Petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," this Court denies the § 2255 Motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## BACKGROUND

On June 27, 2011, Petitioner Rigaberto Moreno Sanchez pled guilty to Count One of the Indictment charging Conspiracy to Distribute 500 grams or more of

ORDER - 1

methamphetamine. (CR Dkt. 74.) Sanchez was originally sentenced to 168 months imprisonment, 5 years of supervised release, $100 special assessment and 200 hours of community service in lieu of a fine. (CR Dkt. 93.) No appeal was filed by Sanchez. On October 19, 2015, Sanchez's sentence was reduced to 135 months based on a retroactive change to the drug offense level calculations. (CR Dkt. 139.)

On June 27, 2016, Sanchez filed his § 2255 motion. Sanchez's sentence was based on a two level specific offense characteristic enhancement pursuant to § 2D1.1.(b)(1) for possessing a firearm. Sanchez argues that based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015) that by analogy his firearm enhancement should be determined to be unconstitutional. The Government disagrees that *Johnson*, even if applied to the Sentencing Guidelines, applies to the firearm enhancement since the firearm enhancement does not involve the application of the residual clause addressed in *Johnson*.

## DISCUSSION

1.   **Timeliness of the § 2255 Motion**

While not raised by the Government, the Court finds the motion is not timely filed. As discussed below, the Court does not find *Johnson* applies to the facts of this case. Therefore, Sanchez cannot rely on 28 USC § 2255(f)(3) to extend the statute of limitations to one year after the *Johnson* decision was rendered. Instead, the Court must apply § 2255(f)((1) which requires the motion to be filed one year from the date on which the judgement of conviction became final. Sanchez's original Judgement was entered on

ORDER - 2

February 22, 2012. (CR Dkt. 123.) Since he did not file a direct appeal, Sanchez had one year plus the fourteen (14 days) he had to file an appeal to file his § 2255 motion based on the firearm enhancement being unconstitutional. He did not file his motion until June of 2016, so the motion is untimely. The Order reducing his sentence issued for the retroactive reduction in his sentence did not restart the § 2255 deadline.  Therefore, this motion is untimely. In the interests of justice, the Court will briefly discuss the merits of the Government's Motion to Dismiss.

**2.	Motion to Dismiss**

The Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which imposes a minimum 15 year sentence for individuals who had three or more prior convictions for a "violent felony," to be unconstitutionally vague and violated due process. *See Johnson*, 135 S.Ct. at 2557-60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another." *See id.*

In this case, the Court applied a two level enhancement to Sanchez's sentence pursuant to Sentencing Guideline § 2D1.1(b)(1) which provides that if "a dangerous weapon (including a firearm) was possessed, increase by 2 levels." (Presentence Investigation Report, ¶¶ 18 and 41. (Petitioner has access to review his Presentence Investigation Report through his Case Manager with the Bureau of Prisons.) The *Johnson* decision does not apply to the enhancement under § 2D1.1(b)(1) or to Sanchez's

ORDER - 3

sentencing. *Barajas v. United States*, 2016 WL 4721481, at *2 (E.D. Cal. Sept. 8, 2016) (citing cases). For these reasons, the Government's Motion to Dismiss will be granted on the merits.

### 3. Certificate of Appealability

Further, the Court denies issuance of a certificate of appealability (COA). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Sanchez has not shown the deprivation of any constitutional right as no reasonable jurist would disagree that *Johnson* does not apply to this case and no reasonable jurist would find debatable the untimeliness of the second § 2255 Motion.

## ORDER

IT IS HEREBY ORDERED:

1. The Government's Motion to Dismiss (CV Dkt. 3) is **GRANTED** as the motion is untimely and is not impacted by the *Johnson* decision.

ORDER - 4

2. Petitioner's § 2255 Motion to Vacate, Correct, or Set Aside his Sentence (CR Dkt. 144) (CV Dkt. 1) is **DENIED** and the civil case is **DISMISSED IN ITS ENTIRETY**.

3.. Certificate of Appealability is **DENIED**.

DATED: October 27, 2016

Edward J. Lodge
United States District Judge

ORDER - 5